# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MARCELLA COOLIDGE, individually;
and GABRIELLE VALDEZ, as Personal
Representative of the ESTATE OF
DEREK A. HARRISON,

                Plaintiffs,                   Case No.: 1:21-cv-00307 SCY.KRS

     v.

UNITED STATES OF AMERICA,

                Defendant

## ANSWER OF DEFENDANT THE UNITED STATES

The United States of America, by and through its undersigned counsel, hereby responds to

Plaintiffs' Complaint as follows:

## PARTIES

1.      Paragraph 1 sets forth conclusions of law and Plaintiffs' characterization of their

case, to which no response is required.  To the extent a response is required, Defendant denies

the allegations and inferences set forth in paragraph 1.

2.      Defendant lacks information sufficient to form a belief as to the truth of the

allegations in paragraph 2 and denies them on that basis.

3.      Defendant lacks information sufficient to form a belief as to the truth of the

allegations in paragraph 3 and denies them on that basis.

4.      In response to paragraph 4, Defendant states only that the United States,

Department of the Interior, by the Secretary of the Interior, enters into agreements with some

federally recognized tribes pursuant to the Indian Self-Determination and Education Assistance Act, Pub. L. 93-638, as amended, which in some instances include adult detention services. The remaining allegations and inferences in paragraph 4 are denied.

5.      In response to paragraph 5, Defendant states only that the Bureau of Indian Affairs, is a bureau of the United States, Department of the Interior. The remaining allegations and inferences in paragraph 5 are denied.

6.      In response to paragraph 6, Defendant states that the Bureau of Indian Affairs (BIA), a bureau of the United States Department of the Interior, entered into a contract for Adult Detention Services with the Navajo Nation Tribal Government pursuant to the Indian Self-Determination and Education Assistance Act, Pub. L. 93-638, as amended. Defendant denies the remaining allegations of paragraph 6.

7.      In response to paragraph 7, Defendant states that the Bureau of Indian Affairs (BIA), a bureau of the United States Department of the Interior, entered into a contract for Law Enforcement Patrol Services with the Navajo Nation Tribal Government pursuant to the Indian Self-Determination and Education Assistance Act, Pub. L. 93-638, as amended. Defendant denies the remaining allegations of paragraph 7.

8.      Paragraph 8 sets forth conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations and inferences set forth in paragraph 8.

9.      Paragraph 9 sets forth conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations and inferences set forth in paragraph 9.

10.     Paragraph 10 sets forth conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations and inferences set forth in paragraph 10.

11.     Paragraph 11 sets forth conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations and inferences set forth in paragraph 11.

## JURISDICTION AND VENUE

12.     Paragraph 12 sets forth conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations and inferences set forth in paragraph 12.

13.     Paragraph 13 sets forth conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations and inferences set forth in paragraph 13.

14.     Paragraph 14 sets forth conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations and inferences set forth in paragraph 14.

15.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 15 and denies them on that basis.

16.     Paragraph 16 sets forth conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations and inferences set forth in paragraph 16.

17.     Paragraph 17 sets forth conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations and inferences set forth in paragraph 17.

18.     Paragraph 18 sets forth conclusions of law and Plaintiff's characterizations of their case, to which no response is required.  To the extent a response is required, Defendant denies the allegations and inferences set forth in paragraph 18.

19.     Paragraph 19 sets forth conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations and inferences set forth in paragraph 19.

20.     In response to paragraph 20, Defendant states that on April 15, 2021, the Department of the Interior mailed determination letters addressing the claims of Gabrielle Valdez, as personal representative of the estate of Derek Harrison and Marcella Coolidge.  The remaining allegations and inferences in paragraph 21 are denied.

21.     Paragraph 21 sets forth conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations and inferences set forth in paragraph 21.

## FACTS

22.     With respect to paragraph 22, Defendant admits the allegations contained in paragraph 22 to the extent they are supported by the referenced document, which is the best evidence of its contents. The remaining allegations and inferences in paragraph 22 are denied.

23.     Paragraph 23 sets forth conclusions of law and Plaintiff's characterizations of their case, to which no response is required.  To the extent a response is required, Defendant denies the allegations and inferences set forth in paragraph 23.

24.     In response to paragraph 24, Defendant states that the Bureau of Indian Affairs (BIA), a bureau of the United States Department of the Interior, entered into a contract for Adult Detention Services with the Navajo Nation Tribal Government pursuant to the Indian Self-Determination and Education Assistance Act, Pub. L. 93-638, as amended.  Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 24 regarding the degree to which the Navajo DOC "depend[s] on funding from and oversight by the BIA" and denies them on that basis.  The remaining allegations contained in paragraph 21 set forth conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations and inferences set forth in paragraph 24.

25.     With respect to paragraph 25, Defendant states only the BIA directly or through agreements with Tribes, operates 88 detention and correction facilities. The remaining allegations and inferences in paragraph 25 are denied.

26.     With respect to paragraph 22, Defendant admits the allegations contained in paragraph 26 to the extent they are supported by the referenced document, which is the best evidence of its contents. The remaining allegations contained in paragraph 26 set forth conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations and inferences set forth in paragraph 26.

**Standard of care for tribal detention centers**

27.     Defendant admits the allegations contained in paragraph 27and its subparts to the extent they are supported by the referenced document, which is the best evidence of their contents. The remaining allegations and inferences in paragraph 27 and its subparts are denied.

28.     Defendant denies the allegations in paragraph 28.

29.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 29 and denies them on that basis.

30.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 30 and denies them on that basis.

31.     Paragraph 31 sets forth conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations and inferences set forth in paragraph 31.

32.     Paragraph 32 and each of its subparts set forth conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations and inferences set forth in paragraph 32 and each of its subparts.

33.     Paragraph 33 sets forth conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations and inferences set forth in paragraph 33.

**Defendant's neglect of tribal detention facilities, including Shiprock DOC**

34.     Defendant denies the allegations in paragraph 34.

35.     Defendant denies the allegations in paragraph 35.

36.     Defendant denies the allegations in paragraph 36.

37.     In response to the allegations in paragraph 37, Defendant states that the BIA's detention program was selected for assessment in 2003 by the Department of the Interior Office of Inspector General. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 and denies them on that basis.

38.     In response to the allegations in paragraph 38, Defendant states that the U.S. Department of the Interior Office of Inspector General published a report dated September 1,

2004, which is the best evidence of its contents.  The remaining allegations and inferences in paragraph 38 are denied.

39.     In response to the allegations in paragraph 39, Defendant states that the U.S. Department of the Interior Office of Inspector General published a report dated September 1, 2004, which is the best evidence of its contents. The remaining allegations and inferences in paragraph 39 are denied.

40.     In response to the allegations in paragraph 40, Defendant states that the U.S. Department of the Interior Office of Inspector General published a report dated September 1, 2004, which is the best evidence of its contents.  The remaining allegations and inferences in paragraph 40 are denied.

41.     In response to the allegations in paragraph 41 and each of its subparts, Defendant states that the U.S. Department of the Interior Office of Inspector General published a report dated September 1, 2004, which is the best evidence of its contents.  The remaining allegations and inferences in paragraph 41 and each of its subparts are denied.

42.     In response to the allegations in paragraph 42, Defendant states that the U.S. Department of the Interior Office of Inspector General published a report dated September 1, 2004, which is the best evidence of its contents.  The remaining allegations and inferences in paragraph 42 are denied.

43.     In response to the allegations in paragraph 43, Defendant states that the U.S. Department of the Interior Office of Inspector General published a report dated September 1, 2004, which is the best evidence of its contents.  The remaining allegations and inferences in paragraph 43 are denied.

44.     In response to the allegations in paragraph 44, Defendant states that the U.S. Department of the Interior Office of Inspector General published a report dated September 1, 2004, which is the best evidence of its contents. The remaining allegations and inferences in paragraph 44 are denied.

45.     In response to the allegations in paragraph 45 and each of its subparts, Defendant states that the U.S. Department of the Interior Office of Inspector General published a report dated September 1, 2004, which is the best evidence of its contents.  The remaining allegations and inferences in paragraph 45 and each of its subparts are denied.

46.     In response to the allegations in paragraph 45, Defendant states that the U.S. Department of the Interior Office of Inspector General published a report dated February 11, 2016, which is the best evidence of its contents.  Defendant denies the remaining allegations in paragraph 46.

47.     In response to the allegations in paragraph 47, Defendant states that the U.S. Department of the Interior Office of Inspector General published a report dated February 11, 2016, which is the best evidence of its contents.  The remaining allegations and inferences in paragraph 47 are denied.

48.     In response to the allegations in paragraph 48, Defendant states that the U.S. Department of the Interior Office of Inspector General published a report dated February 11, 2016, which is the best evidence of its contents.  The remaining allegations and inferences in paragraph 48 are denied.

49.     Defendant is without sufficient information to admit or deny the allegations in paragraph 49.

50.      In response to the allegations in paragraph 50, Defendant states that the U.S. Department of the Interior Office of Inspector General published a report dated February 11, 2016, which is the best evidence of its contents.  The remaining allegations and inferences in paragraph 50 are denied.

51.      In response to the allegations in paragraph 51, Defendant states that the U.S. Department of the Interior Office of Inspector General published a report dated February 11, 2016, which is the best evidence of its contents.  The remaining allegations and inferences in paragraph 51 are denied.

52.      In response to the allegations in paragraph 52, Defendant states that the U.S. Department of the Interior Office of Inspector General published a report dated February 11, 2016, which is the best evidence of its contents.  The remaining allegations and inferences in paragraph 52 are denied.

53.      In response to the allegations in paragraph 53, Defendant states that the U.S. Department of the Interior Office of Inspector General published a report dated February 11, 2016, which is the best evidence of its contents.  The remaining allegations and inferences in paragraph 53 are denied.

54.      Defendant denies the allegations in paragraph 54.

**Derek Harrison's unanswered pleas for help**

55.      Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 55 and denies them on that basis.

56.      Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 56 and denies them on that basis.

57.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 57 and denies them on that basis.

58.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 58 and denies them on that basis.

59.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 59 and denies them on that basis.

60.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 60 and denies them on that basis.

61.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 61 and denies them on that basis.

62.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 62 and denies them on that basis.

63.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 63 and denies them on that basis.

64.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 64 and denies them on that basis.

65.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 65 and denies them on that basis.

66.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 66 and denies them on that basis.

67.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 67 and denies them on that basis.

68.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 68 and denies them on that basis.

69.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 69 and denies them on that basis.

70.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 70 and denies them on that basis.

71.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 71 and denies them on that basis.

72.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 72 and denies them on that basis.

**Derek Harrison's Treatment at the Department of Corrections**

73.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 73 and denies them on that basis.

74.     Defendant denies the allegations in paragraph 74.

75.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 75 and denies them on that basis.

76.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 76 and denies them on that basis.

77.     Paragraph 77 sets forth conclusions of law and Plaintiffs' characterization of their case, to which no response is required.  To the extent a response is required, Defendant denies the allegations and inferences set forth in paragraph 77.

78.     Paragraph 78 sets forth conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations and inferences set forth in paragraph 78.

79.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 79 and denies them on that basis.

80.     Defendant denies the allegations in paragraph 80.

81.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 81 and denies them on that basis.

82.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 82 and denies them on that basis.

83.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 83 and denies them on that basis.

84.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 84 and denies them on that basis.

85.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 85 and denies them on that basis.

86.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 86 and denies them on that basis.

87.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 87 and denies them on that basis.

88.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 88 and denies them on that basis.

89.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 89 and denies them on that basis.

90.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 90 and denies them on that basis.

91.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 91 and denies them on that basis.

92.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 92 and denies them on that basis.

93.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 93 and denies them on that basis.

94.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 94 and denies them on that basis.

95.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 95 and denies them on that basis.

96.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 96 and denies them on that basis.

97.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 97 and denies them on that basis.

**The efforts by Derek Harrison's family members to find out what happened**

98.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 98 and denies them on that basis.

99.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 99 and denies them on that basis.

100.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 100 and denies them on that basis.

101.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 101 and denies them on that basis.

102.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 102 and denies them on that basis.

103.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 103 and denies them on that basis.

104.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 104 and denies them on that basis.

105.     Defendant denies the allegations in paragraph 105.

106.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 106 and denies them on that basis.

107.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 107 and denies them on that basis.

108.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 108 and denies them on that basis.

109.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 109 and denies them on that basis.

110.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 110 and denies them on that basis.

111.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 111 and denies them on that basis.

**COUNT I**
**NEGLIGENCE BY THE USA THROUGH ITS AGENCY THE BUREAU OF INDIAN**
**AFFAIRS RESULTING IN WRONGFUL DEATH**

Defendant's answers to all previous paragraphs are incorporated here by reference.

112.     Paragraph 112 sets forth conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations and inferences set forth in paragraph 112.

113.     Paragraph 113 sets forth conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations and inferences set forth in paragraph 113.

114.     Paragraph 114 sets forth conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations and inferences set forth in paragraph 114.

115.     Paragraph 115 sets forth conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations and inferences set forth in paragraph 115.

116.     Paragraph 116 and each of its subparts set forth conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations and inferences set forth in paragraph 116 and each of its subparts.

117.     Paragraph 117 sets forth conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations and inferences set forth in paragraph 117.

118.    Paragraph 118 sets forth conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations and inferences set forth in paragraph 118.

119.    Defendant denies the allegations set forth in paragraph 119.

**COUNT II**
**NEGLIGENCE BY THE NAVAJO DEPARTMENT OF CORRECTIONS AND**
**NAVAJO POLICE DEPARTMENT RESULTING IN WRONGFUL DEATH AND**
**DEFENDANT USA'S VICARIOUS LIABILITY**

Defendant's answers to all previous paragraphs are incorporated here by reference.

120.    Paragraph 120 sets forth conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations and inferences set forth in paragraph 120.

121.    Paragraph 121 sets forth conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations and inferences set forth in paragraph 121.

122.    Paragraph 122 sets forth conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations and inferences set forth in paragraph 122.

123.    Paragraph 123 sets forth conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations and inferences set forth in paragraph 123.

124.    Paragraph 124 sets forth conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations and inferences set forth in paragraph 124.

125.     Paragraph 125 and each of its subparts set forth conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations and inferences set forth in paragraph 125 and each of its subparts.

126.     Paragraph 126 sets forth conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations and inferences set forth in paragraph 126.

127.     Paragraph 127 sets forth conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations and inferences set forth in paragraph 127.

128.     Paragraph 128 sets forth conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations and inferences set forth in paragraph 128.

129.     Paragraph 129 sets forth conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations and inferences set forth in paragraph 129.

130.     Paragraph 130 sets forth conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations and inferences set forth in paragraph 130.

131.     Paragraph 131 sets forth conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations and inferences set forth in paragraph 131.

132.     Defendant denies the allegations set forth in paragraph 132.

## COUNT III
## <u>NEGLIGENT HIRING, TRAINING AND SUPERVISION BY NAVAJO DEPARTMENT OF CORRECTIONS AND NAVAJO POLICE DEPARTMENT</u>

133.   Paragraph 133 sets forth conclusions of law, to which no response is required.  To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 133 and denies them on that basis.

134.   Paragraph 134 sets forth conclusions of law, to which no response is required.  To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 134 and denies them on that basis.

135.   Paragraph 135 sets forth conclusions of law, to which no response is required.  To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 135 and denies them on that basis.

136.   Paragraph 136 sets forth conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations and inferences set forth in paragraph 136.

137.   Paragraph 137 and each of its subparts set forth conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations and inferences set forth in paragraph 137 and each of its subparts.

138.   Paragraph 138 and each of its subparts set forth conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations and inferences set forth in paragraph 138 and each of its subparts.

139.   Paragraph 139 sets forth conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations and inferences set forth in paragraph 139.

140.    Paragraph 140 sets forth conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations and inferences set forth in paragraph 140.

141.    Paragraph 141 sets forth conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations and inferences set forth in paragraph 141.

142.    Paragraph 142 sets forth conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations and inferences set forth in paragraph 142.

143.    Paragraph 143 sets forth conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations and inferences set forth in paragraph 143.

144.    Paragraph 144 sets forth conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations and inferences set forth in paragraph 144.

145.    Defendant denies the allegations set forth in paragraph 145.

### COUNT IV
### MARCELLA COOLIDGE'S LOSS OF CONSORTIUM CLAIM

146.    Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 146 and denies them on that basis.

147.    Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 147 and denies them on that basis.

148.    Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 148 and denies them on that basis.

149.     Paragraph 149 sets forth conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations and inferences set forth in paragraph 149.

150.     Defendant denies the allegations set forth in paragraph 150.

151.     Defendant denies the allegations set forth in paragraph 151.

152.     Defendant denies the allegations set forth in paragraph 152.

**<u>REQUEST FOR RELIEF</u>**

Defendant denies that Plaintiffs' prayer for relief, and any paragraphs not specifically admitted herein.

**<u>AFFIRMATIVE AND OTHER DEFENSES</u>**

1.     This Court lacks jurisdiction over the subject matter of the action.

2.     The Complaint fails to state a claim upon which relief can be granted.

3.     The claims do not allege a negligent or wrongful act by an employee of the Government.

4.     The alleged injuries were caused solely by the acts or omissions of other parties, persons, contractors, or entities, their servants agents, representatives, or employees, none of whom are agencies or employees of the United States for whom the United States has any liability pursuant to the Federal Tort Claims Act.

5.     Defendant United States, through its employees and agents, acted with due care and diligence at all relevant times.

6.     No acts or omissions by the United States were the proximate cause of any injury to the Plaintiffs.

7.     Plaintiffs are not entitled to a jury trial. Any action against the United States pursuant to 28 U.S.C. § 1346 shall be tried by the court without a jury.

8.     Plaintiffs' injuries, damages, and losses, if any, were not proximately caused by the negligence or negligence per se of any employee of the United States acting within the scope and course of his or her employment.

9.     Plaintiffs' recovery is limited to the damages recoverable under the Federal Tort Claims Act.

10.    Some or all of Plaintiffs' claims are barred by the discretionary function doctrine.

11.    Plaintiffs' recovery, if any, is limited to the amount sought by them administratively.  28 U.S.C. § 2675(b).

12.    The Court only has jurisdiction over claims for which Plaintiffs properly presented an administrative claim.

13.    Plaintiffs' recovery, if any, may be diminished or barred by the comparative fault of the decedent, Plaintiffs, and/or the fault of other defendants or of non-parties.

14.    Recovery, if any, should be reduced by any offsets and credits available by law or regulation, including, but not limited to, those available as a result of benefits paid to or on behalf of Plaintiffs by any federal agency.

15.    Pursuant to 28 U.S.C. § 2674, Plaintiffs are prohibited from recovering any amount of pre-judgment interest or punitive damages against Defendant.

16.    Plaintiffs' claims are barred by the applicable statute of limitations.

Defendant may have further and additional defenses which are not yet known but which may become known through future discovery.  Defendant asserts herein each and every

affirmative defense as may be ascertained through future discovery, including those required by Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant, United States of America prays that Plaintiffs' Complaint be dismissed with prejudice or, in the alternative, judgment be entered for the United States, that Plaintiffs be denied any and all relief, that the United States be awarded its costs incurred in defending this action, and that the United States be granted such other further relief as the Court deems appropriate.

Respectfully submitted,

FRED J. FEDERICI
Acting United States Attorney

*/s/ Erin E. Langenwalter*
ERIN E. LANGENWALTER
Assistant U.S. Attorneys
P.O. Box 607
Albuquerque, New Mexico 87103
Phone: (505) 346-7274
Erin.Langenwalter@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 8, 2021, I filed the foregoing pleading electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Randi McGinn
Michael E. Sievers
Christopher T. Papaleo
McGinn, Montoya, Love & Curry
201 Broadway Blvd. SE
Albuquerque, NM 87102
Randi@.McGinnlaw.com
Mike@McGinnlaw.com
Chris@McGinnlaw.com

Calvin Lee
C.J. Lee & Associates, P.C.
A2ll W. Mesa, Ste.2
Gallup, NM 87301
calvin@indianlaw.mobi

*/s/ Erin E. Langenwalter*
ERIN E. LANGENWALTER
Assistant United States Attorney