## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MARCELLA COOLIDGE, individually; and
GABRIELLE VALDEZ, as Personal Representative
of the Estate of DEREK A. HARRISON, deceased,

       Plaintiffs,

v.                       Case No. 1:21-CV-00307-SCY-KRS

THE UNITED STATES OF AMERICA,

       Defendant.

## <u>STIPULATED PROTECTIVE ORDER</u>

Upon consideration of the parties' Joint Motion for Entry of a Stipulated Protective Order [Doc. 29], pursuant to 5 U.S.C. § 552a(b)(11) and Fed. R. Civ. P. 26(c), the Court hereby ORDERS:

1.      In responding to discovery in the above-captioned case, the parties expect to produce information they contend to be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a, and/or a federal law enforcement privilege.

2.      The parties are authorized by this Order to release documents and other information that may be covered by the Privacy Act and/or law enforcement privilege without obtaining the prior written consent of the individuals to whom such records or information pertain.  The parties expressly acknowledge and agree that by stipulating to this Order, they are not necessarily conceding the Privacy Act or the law enforcement privilege applies to the records to be produced.

3.      Documents and information the producing party believes, in good faith, constitute records covered by the Privacy Act or a federal law enforcement privilege may be designated as confidential.

4.      The documents claimed to be subject to the Privacy Act or a federal law enforcement privilege will be stamped with the word "CONFIDENTIAL" on each page.

5.      Defendant shall specify, in writing contemporaneously with production, which documents are asserted to be governed by the Privacy Act and which documents are asserted to be governed by a law enforcement privilege.

6.      If, after review of the documents and materials marked "CONFIDENTIAL," any party believes the documents should not be considered confidential, the following procedure will be followed:

a.      The disputing Party will provide a written challenge to the designating Party as to any documents or information (or portions thereof) as to which it disputes confidentiality. Such challenges and responses to challenges may be provided by electronic mail to all counsel of record where the subject line is clearly marked "Harrison—confidentiality issues."

b.      Within 10 days of receipt of a written challenge, the parties will engage in good faith conferral efforts to resolve the issues.  If these efforts are unsuccessful, within 10 days from the end of the conferral efforts, the designating Party will either agree to de-designate the documents or information as confidential, remove redactions, or file a motion with the Court justifying the claim of confidentiality and submitting the material at issue under seal by filing a "Notice of Filing Under Seal Pursuant to Stipulated Confidentiality Order entered on" identifying the date of entry of this Order.  Such motion shall be governed by the Federal Rules of Civil Procedure (including Rule 26(c) and other applicable authority).  Failure to file a motion with the Court for confidentiality of the documents will constitute waiver and act as a de-designation of confidentiality.

c.      For any document or information that the Court determines to not warrant confidentiality or that a designating Party de-designates as confidential, the designating Party will produce clean copies (i.e., with no "confidentiality" markings), within 10 days of the Court's ruling unless the designating Party appeals the Court's ruling, unless otherwise agreed or ordered.

7.      All persons subject to this Order expressly agree to maintain the confidentiality associated with the documents designated as confidential and to be bound by the terms of this Order. The Parties agree that any designated confidential material produced or exchanged in this litigation may be used only in this litigation and shall not be used for any business, commercial, or other purpose.

8.      It is understood that documents and information designated as "CONFIDENTIAL" may be disseminated to the following persons, who will be given a copy of this Order and agree not to disclose the documents or information to third parties:

a.      Parties to this litigation;

b.      Employees, contractors, partners, shareholders and members of the law firms representing the Parties;

c.      Claims representatives, insurance adjusters, and other insurance representatives of the Parties who are involved in this litigation;

d.      Consultants and expert witnesses of the Parties to this litigation;

e.      Copy and imaging services used by the parties to copy documents, which are not to remain in the possession of the copy services;

f.      Court reporters and videographers retained in this litigation;

g.      Mediators, including staff, employees, and/or associates who assist in the handling, preparing, and mediation of this litigation;

h.      The Court and the Court's staff;

i.     Witnesses; and

j.     Pages of transcribed deposition testimony or exhibits to depositions that contain claimed confidential documents or information may not be disclosed to anyone except as permitted under this Order.

9.     In filing materials containing confidential documents or information with the Court, counsel shall file them under seal by filing a "Notice of Filing Under Seal Pursuant to Stipulated Confidentiality Order entered on" identifying the date of entry of this Order. Upon said filing, the Clerk of the Court shall maintain the confidentiality of the documents by restricting access to counsel of record, unless otherwise ordered by the Court after the Parties are given advance notice and an opportunity to be heard before the designated confidential information is unsealed. Only the specific confidential documents and information that are designated as confidential, and only the specific portions of briefs, applications, and other filings that contain verbatim confidential data, or that set forth the substance of such confidential information, may be filed under seal.

10.     It shall be the expectation and responsibility of the attorneys of record in this action to employ, consistent with this Order, reasonable measures to control duplication of, access to, and distribution of the documents and materials subject to this Order.

11.     Nothing contained in this Order shall be construed as precluding the parties from introducing materials that are subject to this Order, or the contents thereof, into evidence at trial of this case.

12.     Upon termination of this litigation, including any appeals relating thereto, the Parties agree to maintain the confidentiality of confidential documents until the documents are destroyed. Upon the termination of this litigation, the parties may maintain one copy of the confidential records consistent with the file retention and destruction policies of their respective law firms, and all other copies of the confidential documents shall be destroyed within thirty (30)

days of the termination of this litigation.

13.     Any specific part or parts of the restrictions imposed by this Protective Order may be terminated at any time by a letter from counsel revoking the initial designation or by an Order of the Court.

14.     This Order does not constitute a ruling on the question whether any particular record is properly discoverable, admissible, or subject to the Privacy Act or law enforcement privilege.

15.     Each party reserves the right to seek to modify the terms of this Order at any time, and each party reserves the right to oppose any motion to modify the terms of this Order.

IT IS SO ORDERED.

_____
THE HONORABLE KEVIN R. SWEAZA
UNITED STATES MAGISTRATE JUDGE

SUBMITTED AND APPROVED BY:

*/s/**Christopher T. Papaleo***
Randi McGinn
Michael E. Sievers
Christopher T. Papaleo
McGinn, Montova, Love & Curry

Calvin Lee
C.J. Lee & Associates, P.C.
*Attorney for Plaintiffs*

-and-

*/s/ **Erin Langenwalter (appr'd via email on December 15, 2021)***
ERIN LANGENWALTER
Assistant United States Attorney
*Attorney for Defendant*