**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MARCELLA COOLIDGE, et al.,

       Plaintiffs,

v.                                     Case No. 1:21-cv-307 SCY/KRS

UNITED STATES OF AMERICA,

       Defendant.

## ORDER GRANTING IN PART, DENYING IN PART, AND HOLDING IN ABEYANCE IN PART PLAINTIFFS' MOTION TO COMPEL

THIS MATTER is before the Court on Plaintiffs' Motion to Compel, (Doc. 38), filed January 27, 2022.  Defendant filed a response to the motion on February 10, 2022, and Plaintiffs filed a reply on March 10, 2022.  (Docs. 42 and 49).  Having considered the parties' briefing, record of the case, and relevant law, the Court grants the Motion to Compel in part, denies it in part, and holds it in abeyance in part.

**I.**      **Background**

Plaintiffs bring negligence claims under the Federal Tort Claims Act against Defendant United States for actions and omissions leading to the suicide of Derek Harrison while he was in custody at the Shiprock Detention Center on October 15, 2018.  (Doc. 38) at 6.  Specifically, Plaintiffs allege the Navajo Police Department and Navajo Department of Corrections ("DOC") failed to meet the standard of care required by the federal government for tribal police departments and detention centers, and failed to follow applicable rules and regulations to care for and monitor inmates who may be suicidal.  *Id.*  Plaintiffs bring the following claims: (1) negligence by the United States through its agency the Bureau of Indian Affairs ("BIA")

resulting in wrongful death; (2) negligence by the Navajo DOC and Navajo Police Department resulting in wrongful death and by the Defendant United States' based on vicarious liability; (3) negligent hiring, training, and supervision by the Navajo DOC and Navajo Police Department; and (4) loss of consortium by Plaintiff Marcella Coolidge, Mr. Harrison's mother.  (Doc. 1) at 16-24.

        In their Motion to Compel, Plaintiffs seek full responses to several interrogatories and requests for production to which Defendant has withheld information.  *See* (Doc. 38) at 8-14 (seeking full responses to Interrogatory Nos. 2, 6, and 15, and Request for Production ("RFP") Nos. 11-13, 17, 21, 30, 31, and 44).  Defendant objected to these discovery requests because they are overly broad, not proportional to the needs of the case, and unduly burdensome.  In addition, in response to Interrogatory No. 6 and RFP Nos. 21, 30, and 31, Defendant objected on the basis the requests are barred pursuant to the discretionary function exception to the Federal Tort Claims Act ("FTCA").  Plaintiffs dispute that the discovery requests are overly broad or unduly burdensome and assert they are properly limited to the issues of the case.  *Id.* at 12-13.  Plaintiffs also argue that the discretionary function exception is inapplicable because the issue has not yet been adjudicated, it is not appropriate to decide the issue in ruling on a motion to compel, and it does not affect the viability of all of Plaintiffs' claims.  *Id.* at 13-14.

        In response to the Motion to Compel, Defendant states that it produced over 5000 pages of materials responsive to Plaintiffs' discovery requests, and maintains that the disputed requests are disproportionate to the needs of the case and otherwise not relevant under Federal Rule of Civil Procedure 26.  (Doc. 42) at 1-4.  Defendant further explains that Interrogatory No. 6 and RFP Nos. 21, 30, and 31 seek information related to Plaintiffs' third claim (negligent hiring, training, or supervision), which Defendant has moved to dismiss on the basis the claim is

2

precluded by the discretionary function exception to the FTCA.  *Id.* at 6 and 11-12; *see also* (Doc. 40) (Defendant's Motion to Dismiss Count 3, filed February 9, 2022).  In their reply, Plaintiffs reassert their arguments that the discovery requests seek relevant information and are properly tailored to the issues of the case, and maintain that the discretionary function exception does not apply to their claims.  (Doc. 49).

## II.   Legal Standard

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action."  Fed. R. Evid. 401.  However, "[i]nformation within [the] scope of discovery need not be admissible in evidence to be discoverable."  Fed. R. Civ. P. 26(b)(1); *see Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649 (10th Cir. 2008) ("Under our rules, parties to civil litigation are given broad discovery privileges.").  Nonetheless, the Court is not required to permit the parties to engage in fishing expeditions in the hope of supporting their claims or defenses.  *See Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 375 (D.N.M. 2018).

Key considerations in determining the scope of permissible discovery include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  Ultimately, "[c]ounsel bears the responsibility of

propounding proper discovery requests, and expecting counsel to fulfill this responsibility is neither capricious nor unfair." *Punt v. Kelly Services*, 862 F.3d 1040, 1047 (10th Cir. 2017).

**III.**   <u>**Discussion**</u>

**A.  Interrogatory No. 6 and Request for Production Nos. 21, 30, and 31**

The Court first addresses Defendant's objection that Interrogatory No. 6 and RFP Nos. 21, 30, and 31 seek information relating to Plaintiffs' claim for negligent hiring, supervision, or training, which Defendant argues is barred by the discretionary function exception to the FTCA. Interrogatory No. 6 asks for the qualifications, education, experience, and training of each person who worked at the Shiprock DOC and any other Navajo DOC facility where Mr. Harrison was held in October 2018.  (Doc. 38-5) at 2.  RFP No. 21 seeks all documents from 2013 to the present relating to training provided to all Navajo DOC staff on suicide screening, referral, and prevention.  *Id.* at 5.  RFP No. 30 asks Defendant to produce the personnel files for all staff members who were present during Mr. Harrison's incarceration at any Navajo DOC facility in October 2018, and RFP No. 31 asks for all training records and training resources from 2008 to the present provided to any Navajo DOC staff member regarding suicide prevention or inmate mental health.  *Id.* at 6.

Defendant objected to these requests on the basis that they are overly broad and unduly burdensome, and because they seek information that is only relevant to Count 3 – Plaintiffs' claim for negligent training, supervision, or hiring.  *Id.* at 2, 5-6; (Doc. 42) at 12.  Defendant has moved to dismiss Count 3 on the basis of the discretionary function exception to the FTCA and asserts that claim is outside the United States' waiver of sovereign immunity.  *See* (Doc. 40); *see also* (Doc. 39) (Defendant's Motion to Dismiss Counts 1 and 2 pursuant to the discretionary function exception).  Plaintiffs argue in their Motion to Compel and reply brief that Defendant's

4

discretionary function defense will fail because "people responsible for [Mr. Harrison's] custody were required to follow specific policies and procedures related to suicide prevention both at the time of booking and throughout his incarceration." (Doc. 49) at 9. Plaintiffs contend that information about the training and qualifications of these individuals is relevant to the issue of whether Defendant was negligent in violating mandatory training policies, and Plaintiffs ask the Court to "order Defendant to produce the requested documents at least for the staff members who were present during the time Derek Harrison was at the Shiprock DOC between October 10 and October 15, 2018." *Id.* at 10.

The issue of whether the discretionary function exception to the FTCA's waiver of sovereign immunity applies to the facts of this case will be decided by the presiding judge. Nevertheless, the Court notes that in a November 19, 2021, letter to Plaintiffs' counsel, Defendant agreed "to provide training materials for the individuals on duty on October 15, 2018, Lt. Cohoe, Tino Yazzie, Vernon Keeswood, and Candace Harris upon entry of a Protective Order of Confidentiality." (Doc. 38-3) at 4. A protective order has been entered in this case, (Doc. 31), yet it is not clear from the parties' briefing if Defendant produced these training materials. The Court finds that the training materials for the individuals on duty at the detention center where Mr. Harrison was held on the date he died are relevant to the issue of negligence, even if Defendant prevails on its motion to dismiss Plaintiff's claim for negligent training, supervision, or hiring. Importantly, Defendant did not object to these discovery requests on the basis that the discretionary function exception applies to Counts 1 or 2, and Defendant previously agreed to produce these materials. Therefore, the Court grants Plaintiffs' Motion to Compel as to these discovery requests in part and Defendant shall produce training materials for the individuals on duty on October 15, 2018 (Lt. Cohoe, Tino Yazzie, Vernon Keeswood, and Candace Harris).

Regarding the remaining information sought in these requests, the Court finds that their relevance depends on the outcome of Defendant's Motion to Dismiss Count 3 as that decision will resolve whether Plaintiffs are entitled to discovery on the issue of negligent hiring, training, and supervision.  Therefore, the Court will hold in abeyance Plaintiffs' Motion to Compel as to the remainder of information sought in these discovery requests pending a ruling on Defendant's Motion to Dismiss Count 3.  If the presiding judge denies Defendant's Motion to Dismiss Count 3, the Court will address Defendant's objections as to the breadth and burden of these discovery requests, even if that decision takes place after the discovery period has closed.

### B.  Interrogatory No. 2 and Request for Production No. 44

Interrogatory No. 2 and RFP No. 44 seek information regarding every occasion in which the Shiprock DOC underwent an inspection by any government entity or contractor from the dates of 2008 to the present.  (Doc. 38) at 9.  Defendant states that it produced all relevant information to these requests, but limited to the time period of 2013 to 2021 (8 years).  (Doc. 42) at 7.  Defendant states that a search for information prior to 2013 would be unduly burdensome because the materials are not kept in electronic form, so a search would require physical inspection and inquiry of multiple sources.  *Id.* at 8.  Plaintiffs argue the unproduced reports from 2008-2012 are relevant to their negligence claims and that Defendant does not explain why it is burdensome to find and produce the remaining reports.  (Doc. 49) at 6.  The Court disagrees—Defendant has explained that these earlier reports are not kept in electronic format and would require the additional burden of physical inspection and inquiry of multiple sources.  The Court further finds that production of eight years of these reports, from 2013-2021, is adequate to inform Plaintiffs' negligence claims relating to the incident that occurred in 2018.  The Court denies Plaintiffs' Motion to Compel as to these requests.

6

### C.  Interrogatory No. 15

Interrogatory No. 15 seeks information regarding every suicide and suicide attempt made at any Navajo detention center, including whether a Federal Tort Claims Notice or lawsuit was filed, the court and cause numbers, and how any claims or lawsuits were resolved.  (Doc. 38-5) at 3.  Defendant objected that the request is overly broad because it is not limited in time or to the facilities at issue in the case, it is not proportionally related to the needs of the case, and it seeks irrelevant information because Plaintiffs are not entitled to punitive damages under the FTCA and evidence of additional claims cannot be used to increase Plaintiffs' damages.  *Id.* at 4.

Plaintiffs state that information responsive to Interrogatory No. 15 should be included in the Navajo DOC's Serious Incident Reports database, and they argue that information about other suicides and attempted suicides is relevant to show that Defendant had notice of the need to correct deficiencies that endangered the lives of inmates, as well as information about how facilities responded to the incidents.  (Doc. 49) at 6-7.  Plaintiffs agree to limit the request to a ten-year time frame from ten years before and including the date of Mr. Harrison's death.

The Court finds that Plaintiffs have not made an adequate showing that information relating to suicides and suicide attempts at Navajo detention centers, other than the one where Mr. Harrison was incarcerated, are relevant to the issues in this case.  While Plaintiffs argue this information shows that Defendant had notice of deficiencies at other facilities and provides information about how those facilities responded to the incidents, they do not explain how information for other detention centers is relevant to whether Defendant acted negligently as to Mr. Harrison.  Indeed, Plaintiffs state that information relating to all Navajo detention centers shows that Defendant "was on notice of the need to correct deficiencies that endangered the lives of inmates," yet Plaintiffs' claims are limited to the actions of those responsible for Mr.

Harrison—Plaintiffs do not bring claims on behalf of other inmates at other facilities.  (Doc. 49) at 2.

Nevertheless, the Court agrees with Plaintiffs that information regarding suicides and suicide attempts from the Shiprock Detention Center is sufficiently tied to the issues in this case. Therefore, the Court grants Plaintiffs' Motion to Compel in part as to this interrogatory and Defendant shall provide information responsive to Interrogatory No. 15, but limited to the Shiprock Detention Center for the ten years before and including the date of Mr. Harrison's death.

**D.  Request for Production Nos. 11-13**

RFP No. 11 seeks all Serious Incident Reports ("SIR") from the Shiprock DOC from October 17, 2008, to the present.  (Doc. 38-6) at 3.  RFP No. 12 expands the request to SIR logs for each Navajo DOC facility from 2008 to the present, and RFP No. 13 seeks summaries of all serious incidents occurring at all BIA correctional facilities.  *Id.* at 4.  Defendant objected that these requests are overly broad because they are not limited in time, scope, or geographic location, and are not proportionally related to the needs of the case.  Nevertheless, Defendant produced a list of serious incidents for the Shiprock/San Juan area (including the Shiprock and Kayenta Department of Corrections) from 2013-2018.  (Doc. 42) at 9.

Plaintiffs argue that RFP Nos. 11-13 are relevant to show whether there was a systemic issue with suicide prevention or jail oversight throughout the Navajo DOC and BIA contract facilities.  (Doc. 49) at 7-8.  Plaintiffs agree to limit the requests to SIRs related to suicides and attempted suicides, but argue that Defendant's production of a list of serious incidents for the Shiprock/San Juan area does not fully respond to the request because it appears to be generated by or on behalf of counsel and does not include the reports, logs, and summaries that were

requested.  *Id.* at 8.  For the same reasons regarding Interrogatory No. 15 stated above, the Court

finds that SIR information from Navajo detention centers other than the one where Mr. Harrison

was incarcerated, are not relevant to the issues in this case.  Again, Plaintiffs have not shown

how SIR information from other facilities is relevant to whether Defendant acted negligently in

this case.  The Court agrees, however, that Defendant has not sufficiently responded to these

discovery requests because it did not produce the requested SIRs, logs, and summaries, from the

Shiprock DOC, and instead produced a list of serious incidents that was limited to a five-year

period.  The Court grants Plaintiffs' Motion to Compel in part as to these requests and Defendant

shall to produce SIRs, logs, and summaries regarding suicides and suicide attempts from the

Shiprock DOC from October 17, 2008, to the present.

### E.  Request for Production No. 17

Finally, Plaintiffs move to compel additional information responsive to RFP No. 17,

which asks for all annual reports from 2008 to the present prepared by the District Supervisory

Correctional Specialist overseeing the district that includes the Shiprock facility.  (Doc. 38-6) at

6.  Defendant objected on the basis that the request is overly broad and seeks irrelevant materials

because it is not limited to the incident or facility that is the subject of this litigation, and because

Plaintiffs are not entitled to punitive damages so evidence of other incidents is not relevant to

Plaintiffs' determination of damages.  *Id.*  Defendant explains that these annual reports contain

protected information such as staffing levels, inmate counts, and other information that could

jeopardize the safety of the facilities if not kept confidential.  (Doc. 42) at 10.  Nevertheless, after

the parties entered into a Protective Order of Confidentiality, Defendant produced the Shiprock

Department of Corrections Detention Operation Monthly Reports for 2018, which included

information regarding: (1) the number of individuals confined at the facility and their case

statuses and offenses; (2) the average daily population and number of detainee admissions and releases; (3) the number of in-custody deaths, suicides, escapes, and assaults for each month; and (4) monthly staffing numbers. *Id.*

Plaintiffs still seek production of the annual reports from 2008-2017, and argue that reports pre-dating 2018 are relevant to the issue of notice and breach of duty as they will show whether steps were taken to address findings of overcapacity or lack of proper budgeting. (Doc. 49) at 8. However, Plaintiffs fail to explain how inmate counts and staffing issues in previous years pertain to the issues raised in this case. Therefore, the Court finds that Plaintiffs have not made a sufficient showing that the annual reports for years prior to the year of Mr. Harrison's death are relevant. The Court denies Plaintiffs' Motion to Compel as to this request.

IT IS THEREFORE ORDERED that, for the reasons stated above, Plaintiffs' Motion to Compel, (Doc. 38), is GRANTED in part, DENIED it in part, and HELD IN ABEYANCE in part as follows:

(1) Plaintiffs' Motion to Compel is GRANTED as to portions of Interrogatory Nos. 6 and 15, and Request for Production Nos. 11, 12, 13, 20, 30, and 31, as set forth above;

(2) Plaintiffs' Motion to Compel is DENIED as to Interrogatory No. 2 and Request for Production Nos. 17 and 44; and

(3) Plaintiffs' Motion to Compel is HELD IN ABEYANCE as to portions of Interrogatory No. 6 and Request for production Nos. 21, 30, and 31, pending a ruling on Defendant's Motion to Dismiss Count 3, (Doc. 40).

IT IS FURTHER ORDERED that Defendant shall produce documents responsive to Interrogatory Nos. 6 and 15 and Request for Production Nos. 11, 12, 13, 20, 30, and 31, subject to the limitations described above, **within thirty (30) days of entry of this Order**.

IT IS FURTHER ORDERED that, if Defendant's Motion to Dismiss Count 3, (Doc. 40), is denied, the parties shall notify the Court **within ten (10) days of that ruling** as to whether and to what extent they require the Court's ruling on Interrogatory No. 6 and Request for Production Nos. 21, 30, and 31.

IT IS SO ORDERED.


_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE