# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**MARCELLA COOLIDGE, individually; and
GABRIELLE VALDEZ, as Personal Representative
of the Estate of DEREK A. HARRISON, deceased,**

**Plaintiffs,**

**v.**                                                              **Case No. 1:21-CV-307 SCY**

**THE UNITED STATES OF AMERICA,**

**Defendant.**

## PLAINTIFF GABRIELLE VALDEZ'S MOTION TO APPROVE SETTLEMENT DISTRIBUTION[1]

Plaintiff Gabrielle Valdez, as Personal Representative of the Estate of Derek A. Harrison, through her attorneys, hereby moves the Court for an order approving disbursement of the wrongful death proceeds in the ratio agreed to by the statutory beneficiaries, which is different from the ratio prescribed by the New Mexico Wrongful Death Act, NMSA § 41-2-1, *et seq*. ("WDA").  Good cause exists for the Court to grant this Motion because:

1. The sole statutory beneficiaries, who are the parents of decedent Derek Harrison, agree that the Personal Representative should disburse the settlement funds in this case in a ratio different from the equal division prescribed by the WDA;

2. Under New Mexico law, certain circumstances make it appropriate to depart from the disbursement ratio prescribed by the WDA, including the situation in this case where one parent has had limited contact with the decedent child over the years;

3. Court approval is required so that the Personal Representative may disburse the settlement funds in the manner agreed to by the statutory beneficiaries; and

4. The Court should set a hearing on this Motion with notice to the statutory beneficiaries.

---

[1] Pursuant to D.N.M.L.R.-Civ. 7.1(a), counsel for Plaintiffs sought concurrence from Defendant.  Counsel for Defendant does not take a position on this matter.

In further support of her Motion, Plaintiff Gabrielle Valdez states:

## I.      INTRODUCTION

This case stems from the death of Derek A. Harrison on October 17, 2018, at the age of

29, following his detention in the Navajo Nation's Department of Corrections' Shiprock Facility.

Plaintiff Gabrielle Valdez, as Personal Representative of the Wrongful Death Estate, brought

wrongful death claims with Derek Harrison's parents, Marcella Coolidge and Rafer Harrison (the

"Beneficiaries"), being the sole beneficiaries under the WDA.  Plaintiff Marcella Coolidge

brought her own, derivative claim for loss of consortium.[2]  After litigating this case for

approximately 1.5 years, the parties agreed to resolve all of Plaintiffs' claims against Defendant

through settlement.  On August 3, 2022, the parties notified the Court of the agreed-upon

settlement.  [Doc. 74]  The amount and specific terms of the settlement were negotiated, and a

document memorializing the parties' settlement agreement was executed by Plaintiffs Gabrielle

Valdez, as Personal Representative, and Marcella Coolidge, individually on August 30, 2022 and

August 31, 2022, respectively.[3]  On September 13, 2022, Defendant funded the settlement.

After having the opportunity to seek the advice of counsel independent from Plaintiff's

counsel, the Beneficiaries agreed to allocate a percentage of the settlement proceeds to Ms.

Coolidge's loss of consortium claim and to disburse the wrongful death proceeds in a ratio

different from the 50-50 ratio prescribed by the WDA.  On September 28, 2022, the

Beneficiaries memorialized their agreement to the distribution in a notarized Consent, in which

Rafer Harrison agreed to receive less than his statutory equal share of the wrongful death

---

[2] At the time of his Derek's death, Derek was unmarried, did not have any children, and resided with his mother, Marcella Coolidge.  From the time Derek was approximately 9 years old through his death, Derek's father, Rafer Harrison, lived out of state.

[3] Counsel for Plaintiffs approved the form of the agreement on September 1 and 2, 2022, and counsel for Defendant approved the form of the agreement on September 6, 2022.

proceeds and waived any right to the remaining proceeds. **Exhibit A**, *Consent of the Statutory Beneficiaries to the Distribution of the Wrongful Death Proceeds, dated 09/28/2022*.

Plaintiff Gabrielle Valdez, as Personal Representative of the Estate, seeks an order from the Court allowing her to disburse the wrongful death proceeds consistent with the wishes of the Beneficiaries.

## II.    ARGUMENT

The WDA prescribes how proceeds from a wrongful death lawsuit are typically distributed under New Mexico law.  Under the WDA, when the decedent was unmarried and without surviving children at the time of death, the decedent's parents are entitled to equal shares of the wrongful death proceeds. NMSA 1978, § 41-2-3.  Absent an order to the contrary, a wrongful death personal representative has a "non-discretionary duty to distribute the wrongful death proceeds in the ratio prescribed by the Wrongful Death Act." *Spencer v. Barber*, 2013-NMSC-010, ¶ 22 (citing, *Lebya v. Whitley*, 1995-NMSC-066, 120 N.M. 768). This means that unless a Court orders otherwise, a wrongful death personal representative, such as Plaintiff Gabrielle Valdez, must distribute wrongful death settlement funds as outlined by the WDA. However, there are times, based upon the specific facts and circumstances of a case, when it is appropriate to deviate from the prescribed equal distribution to surviving parents. *See e.g.*, *Bodley v. Goldman*, 2016-NMCA-054, ¶ 16 (holding that "[b]ased on the common law underpinnings of the Wrongful Death Act, the public policy indicated in statutes, and the application of common law principles to wrongful death benefits in other contexts, we concluded in *Perry* that it was consistent with the legislative intent behind the Wrongful Death Act to permit 'a personal representative in a wrongful death action [to] present evidence of abandonment and non-support, and even seek to terminate [a parent's] parental rights,

particularly in light of the fact that the only remaining one is a right to recover money.'" (quoting *Perry v. Williams*, 2003-NMCA-084, ¶ 26)); *In re Estate of Sumler*, 2003-NMCA-030, ¶ 32, 133 N.M. 319 (finding that the New Mexico Court of Appeals "recognized that the public policy of New Mexico, [ ] disfavors natural parents who do not acknowledge their responsibilities to their children." (citing *Dominguez v. Rogers*, 1983-NMCA-135, ¶ 20, 100 N.M. 605)).

Departure from the statutory disbursement scheme under the WDA is allowed, and in this case, the Beneficiaries have agreed to a distribution different from the ratio prescribed by the WDA. **Exhibit A**, *Consent*. However, absent an order from the Court, Plaintiff Gabrielle Valdez must distribute the wrongful death proceeds consistent with the WDA. The Court should grant this Motion and enter an order, consistent with the wishes of the Beneficiaries, allowing Plaintiff Gabrielle Valdez to distribute the wrongful death proceeds in this case in the ratio and amount agreed to by the Beneficiaries.

A. *Distribution in the Amount Agreed to by the Beneficiaries is Consistent with the Purpose of the WDA, and a Beneficiary May Waive Her or His Statutory Rights Under the WDA.*

An order permitting the Personal Representative to distribute the WDA proceeds in the ratio agreed to by the Beneficiaries is consistent with the wishes of the Beneficiaries, in line with the purpose of the WDA, and is permissible under New Mexico law. The general purpose of the WDA is twofold: compensation and public safety. Claims under the WDA are to compensate for any losses resulting from the wrongful death, *Morga v. FedEx Ground Package Sys.*, 2022-NMSC-013, ¶ 31 (citing *Romero v. Byers*, 1994-NMSC-031, ¶ 19, 117 N.M. 422), and promote public safety by making negligence that causes death costly to the tortfeasor. *Id*. (citing *Stang v. Hertz Corporation*, ¶ 9, 81 N.M. 348).

Allowing Ms. Valdez to disburse the wrongful death proceeds in the ratio agreed to by the Beneficiaries furthers both purposes of the WDA. Under the agreed split, both Beneficiaries

will receive compensation for the losses resulting from the death of their son, Derek.  The only difference is that one beneficiary will receive more than the other.  The safety purpose of the WDA is also met because the ratio agreed to by the Beneficiaries does not reduce the payment by Defendant and, therefore, holds the Defendant accountable, promoting public safety, to the same extent it would have experienced irrespective of the disbursement under the WDA.

Because Rafer Harrison's entitlement to recovery for the death of his son, Derek, arises through statute, he may waive his statutory rights and accept less than the equal ratio prescribed by WDA.  In New Mexico, "[t]he right to recover damages for wrongful death is entirely statutory.  *Stang v. Hertz Corp.*, 1696-NMCA-118, ¶ 9, 81 N.M. 69 (citing *Baca v. Baca*, 1963-NMSC-043, ¶ 14, 71 N.M 468).  Because the right to recovery is statutory, it can be waived. *Brannock v. Brannock*, 1986-NMSC-042, ¶ 4, 104 N.M. 385 ("Any privilege or right which a person has either by contract, statute, or through the constitution, can be waived by him provided it is intended for his sole benefit, and does not infringe upon the rights of others, and such waiver is not against public policy."[4]).

Rafer Harrison's statutory right to recover an equal share under the WDA is solely for his benefit, and his acceptance of a lesser amount only negatively impacts his rights because Ms. Coolidge will receive more than the amount to which she is entitled under the WDA, and the amount Defendant paid for the wrongful death of Derek Harrison remains unchanged.  Before his agreement to accept less than he would be entitled to recover under the WDA, Rafer Harrison had an opportunity to seek outside counsel regarding his rights under the WDA and voluntarily waived his rights with full knowledge of the extent of his rights. *See* **Exhibit A**, Consent.  Mr. Harrison agreed to accept less than an equal share of the wrongful death proceeds, but he is still

---

[4] "[A] valid waiver requires a known legal right, relinquished for consideration, where such legal right is intended for the waivor's sole benefit and does not infringe on the rights of others." *Brannock*, 1986-NMSC-042, ¶ 4.

receiving compensation for the damages resulting from Derek's death.  *See id.*  Disbursing the funds consistent with the ratio agreed to by the Beneficiaries furthers the purposes of the WDA and does not negatively impact the rights of Ms. Coolidge or the Defendant.  The Court should grant this Motion.

### III.    CONCLUSION

WHEREFORE, Plaintiff Gabrielle Valdez requests that the Court (1) set this Motion for a hearing to afford the Beneficiaries an opportunity to be heard, if they so wish; and (2) grant this Motion and enter an order instructing Plaintiff Gabrielle Valdez, as the Personal Representative of the Wrongful Death Estate of Derek A. Harrison, to distribute the wrongful death proceeds in this case in the manner and ratio agreed upon by the Beneficiaries.

Dated: October 25, 2022.                          Respectfully submitted by:



***/s/ Christopher T. Papaleo***
Randi McGinn
Michael E. Sievers
Christopher T. Papaleo
201 Broadway Blvd. SE
Albuquerque, NM  87102
p: (505) 843-6161
f: (505) 242-8227
Randi@McGinnLaw.com
Mike@McGinnLaw.com
Chris@McGinnLaw.com

**- AND -**

Calvin Lee
C.J. Lee & Associates, P.C.
A 211 W. Mesa, Ste. 2
Gallup, NM  87301

Tele:  (505) 862-9837
Fax:  (505) 213-0578
calvin@indianlaw.mobi

*Attorneys for Plaintiff*
*Gabrielle Valdez*

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2022, I served the foregoing Plaintiff Gabrielle

Valdez's Motion to Approve Settlement Distribution as follows:

| | |
|---|---|
| **Via Email:**<br>Christine Lyman (christine.lyman@usdoj.gov)<br>Brett Eaton (brett.eaton@usdoj.gov)<br>United States Attorney's Office<br>POB 607<br>Albuquerque, NM  87103<br><br>*Attorneys for Defendant United States of America* | **Via Certified Mail:**<br>Marcella Coolidge<br>PO Box 2392<br>Shiprock NM 87402<br><br>*Statutory Beneficiary* |
| **Via Certified Mail:**<br>Rafer Harrison, No. 18269-051<br>Federal Medical Center – Fort Worth<br>PO Box 15330<br>Fort Worth, TX 76119<br><br>*Statutory Beneficiary* | |

*/s/ Christopher T. Papaleo*
Christopher T. Papaleo