IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARCELLA COOLIDGE, individually; and
GABRIELLE VALDEZ, as Personal Representative
of the Estate of DEREK A. HARRISON, deceased,

Plaintiffs,

v.                                        Case No. 1:21-CV-00307-SCY-KRS

THE UNITED STATES OF AMERICA,

Defendant.

**ORDER GRANTING PLAINTIFF GABRIELLE VALDEZ'S MOTION TO APPROVE SETTLEMENT DISTRIBUTION**

This matter comes before the Court upon Plaintiff Gabrielle Valdez's Motion to Approve Settlement Distribution. Doc. 80.[1] The Motion requests two forms of relief. First, Plaintiff requests that the Court approve a distribution of the total settlement proceeds such that 25% is allocated to Ms. Coolidge's loss of consortium claims and 75% be allocated to the claim under the Wrongful Death Act ("WDA"). The Court **GRANTS** this request.

Plaintiff's second request for relief relates to the disbursement of the 75% allocated to the claim under the WDA. As the motion sets forth, Mr. Harrison has requested that his share of settlement recovery under the WDA be reduced from the 50%, to which he is presumptively

---

[1] The Court held a hearing on November 3, 2022 in which Plaintiff Gabrielle Valdez appeared through her counsel, McGinn, Montoya, Love & Curry, PA and Defendant United States of America appeared through its counsel, Brett Eaton, Assistant United States Attorney. The Statutory Beneficiaries, Marcella Coolidge and Rafer Harrison, also appeared. Mr. Harrison appeared pro se. McGinn, Montoya, Love & Curry, PA represented Ms. Coolidge regarding her loss of consortium claim only. Ms. Coolidge appeared pro se regarding issues related to the distribution of funds recovered under the Wrongful Death Act.

entitled[2] under state law, to a lesser amount. Commensurately, he has requested that Ms. Coolidge's share be increased from 50% to a greater amount.[3] Although the Court has no authority to override the New Mexico state legislature's decision to have funds evenly divided between the parents in cases such as this, Mr. Harrison has the ability to waive any statutory right he possesses to receipt of 50% of the WDA settlement proceeds. Mr. Harrison has waived any right he has to 50% of the WDA proceeds and has instead requested that he receive a smaller amount. Accordingly, given Mr. Harrison's waiver and request, the Court **GRANTS** Plaintiff's motion related to the wrongful death proceeds and orders that proceeds of the WDA settlement be divided according to the parties' distribution agreement. *See* Doc. 80-1.

The Court thus **FINDS** that:

1. This Court has jurisdiction over the issues raised in Plaintiff's motion.

2. Plaintiff Gabrielle Valdez is the duly appointed personal representative of the Wrongful Death Estate of decedent, Derek A. Harrison.

3. The WDA provides that if an adult decedent has no spouse or children, the proceeds of the wrongful death estate "shall be disposed of in a manner authorized by law for the disposition of the personal property of deceased persons." NMSA § 41-2-3(F). Turning to Intestate Succession under New Mexico law, NMSA § 45-1-103(A)(2) provides that the

---

[2] At the November 3, 2022 hearing, Plaintiff's counsel argued that Ms. Coolidge could pursue an argument that Mr. Harrison had abandoned his child, the decedent. If she prevailed on such an argument, Mr. Harrison would not be entitled to any of the WDA settlement proceeds. *See Perry v. Williams*, 2003-NMCA-084, 70 P.3d 1283. At the hearing, Ms. Coolidge stated that she preferred to accept the parties' agreement as to how to split the wrongful death estate proceeds, rather than to litigate such an abandonment argument.

[3] The parties have not disclosed to the Court the total amount of the settlement and so, while the Court is aware of how much Mr. Harrison will receive under the parties' agreement, it does not know how much Ms. Coolidge will receive or what percentage of the WDA proceeds each beneficiary is receiving.

wrongful death estate shall be split equally between the decedent's parents. Thus, the sole statutory beneficiaries of the Wrongful Death Estate of Derek A. Harrison are Derek Harrison's parents, Marcella Coolidge and Rafer Harrison.

4. The parties have entered into an agreement resolving all of Plaintiffs' claims against Defendant United States.

5. The resolved claims include a claim for the wrongful death of Derek Harrison, age 29, and a separate claim for loss of consortium for Marcella Coolidge, who asserts she lived in a supportive relationship with Derek Harrison for most of his life, including at the time of his death.

6. Rafer Harrison did not bring a loss of consortium claim under New Mexico law.

7. After being informed that Marcella Coolidge intended to challenge the 50-50 statutory wrongful death distribution based on a claim of abandonment, rather than hire separate attorneys to litigate that issue, the Statutory Beneficiaries voluntarily entered into a written contract or agreement called the Consent of the Statutory Beneficiaries to the Distribution of the Wrongful Death Proceeds ("Consent").

8. First, as to the division of settlement proceeds between the wrongful death and loss of consortium claims, the statutory beneficiaries agree that the settlement proceeds should be allocated as 75% to the wrongful death claims and 25% to Plaintiff Marcella Coolidge's loss of consortium claims.

9. According to the personal representative, this division between wrongful death and loss of consortium claims is fair and reasonable based on other New Mexico cases in which she has been involved.

10. Rafer Harrison has been informed that the New Mexico Wrongful Death Act, NMSA 41-2-3(D), presumptively provides that he receive 50% of the settlement funds allocated to the wrongful death claim (which is 75% of the total settlement, given that 25% of the total settlement shall go to Ms. Coolidge's loss of consortium claim).

11. With this knowledge, Mr. Harrison has agreed to waive his statutory rights to 50% of the wrongful death proceeds. He has agreed to accept $50,000 to resolve his claims as a statutory beneficiary and, because it will help his daughters and avoid litigation, to allow Marcella Coolidge to receive the balance of the wrongful death proceeds.

12. The Statutory Beneficiaries had the opportunity to seek the advice of outside counsel independent from Plaintiff's counsel before executing the Consent and before the hearing.

13. A parent's right to recovery for the wrongful death of a child is entirely statutory in nature, *Stang v. Hertz Corp.*, 1970-NMSC-048, 81 N.M. 348, and, therefore, the right may be waived. *Brannock v. Brannock*, 1986-NMSC-042, 104 N.M. 385.

The Court **FURTHER FINDS** that:

14. The allocation of 75% of the settlement to the wrongful death claims and 25% to Marcella Coolidge's loss of consortium claims is reasonable and appropriate.

15. Rafer Harrison was afforded an opportunity to be heard on the issues presented in this motion. Rafer Harrison demonstrated to the satisfaction of the Court that he was advised of his right to an equal share of the wrongful death proceeds, understood his rights, was provided opportunity to consult with counsel regarding a waiver of his rights, and understands the consequences of a waiver of his rights.

16. Rafer Harrison's entry into the Consent was knowing and voluntary, Rafer Harrison wishes to avoid the risk, expense, and delay of further litigation related to the distribution of the settlement proceeds in this case and agrees that a greater portion of the wrongful death proceeds should go to Marcella Coolidge, as it will help provide assistance to their daughters.

17. In exchange for his waiver of his rights, Rafer Harrison received valid consideration in the form of the finality of receiving a sum certain and avoiding the risk of further litigation through which he may not receive any settlement funds.

18. Rafer Harrison's contract and his wavier of his right to an equal share of the wrongful death proceeds is valid.

19. Marcella Coolidge understands her rights under the Act.

20. Marcella Coolidge voluntarily and knowingly signed the Consent.

21. Marcella Coolidge agrees with the distribution outlined in the Consent.

**NOW THEREFORE IT IS ORDERED THAT:**

A. The total settlement in this case shall be allocated as 75% of the proceeds attributed to the wrongful death claim and 25% of the proceeds attributed to the loss of consortium claims of Marcella Coolidge.

B. The wrongful death proceeds in this case shall be divided as agreed to by the Statutory Beneficiaries and memorialized in the Consent.

C. Marcella Coolidge shall receive all of the loss of consortium proceeds.

      D.      Plaintiff Gabrielle Valdez shall disburse the settlement proceeds consistent with the terms of this order and as agreed to by the Statutory Beneficiaries in the Consent.

    IT IS SO ORDERED.

Dated: November 7, 2022

_____
Steven C. Yarbrough
United States Magistrate Judge
Presiding by consent